IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS ATANACIO-REYES, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) 2:19-cv-00275<br>) |
| LT. DICKEY, MS SKILLMAN, MARK CAPOZZA, SCOTT RIDDLE, MR. ERICKSON, LT. WOODS, LISA DURAND, MR. PERRY, LT. REBER, CAPT. SALEY, LT. STANLEY, MR. BYERS, TROOPER MR. DAVY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Carlos Atanacio-Reyes has filed a Motion for Discovery (ECF No. 54) in which he seeks further documents and information. Specifically, he is requesting: (1) that three videos previously produced be shown to him; (2) the production of certain video footage; (3) the production of certain security reports; (3) the production of a report with names and phone numbers that was taken from Plaintiff's phone list; and (4) the production of all of his grievances.

Defendants have responded to Plaintiff's Motion for Discovery (ECF No. 58). They assert that pursuant to the Court's November 21, 2019 Order (ECF No. 44), they have already produced all relevant documentation, including the reports, investigation, video and subsequent outcome of the investigation. In addition, they previously produced all grievances and appeals in Plaintiff's file. Defendants note, however, that Plaintiff is also responsible for keeping a record of his grievances and if any of the grievances was not produced, he should be in possession of them.

With respect to Plaintiff's request to view the DVD produced by Defendants that includes three videos, Defendants advise that Plaintiff must submit a request slip and then he will be provided with a date and time to view the DVD.

Finally, Defendants indicate that they object to producing security and transfer information as well as telephone numbers because of confidentiality concerns. The Court concurs with one caveat. Plaintiff's request for telephone numbers is unclear. In the Amended Complaint, Plaintiff alleges that he informed Defendant Skillman that since she refused to take any action to protect him, he was going to contact his family and a lawyer. (ECF No. 20 ¶ 28). On May 25, 2017, Defendant Skillman informed Plaintiff that all of his means of communication by telephone and mail to any of his family and friend have been taken away. (*Id.* ¶ 29). Plaintiff also claims that, to present day, he is still unable to communicate with certain friends and family members such as his daughters (*Id.* ¶ 30).

When viewed in light of these allegations, it appears that Plaintiff may be asking for the production of a report that indicates he is prohibited from contacting friends and family members. To the extent that such a report exists and was not already produced, and further, that Defendants do not object to its production based upon security or confidentiality concerns, Defendants should produce it. If Defendants object to its production, they will be given an opportunity to make such objection in a supplemental response.

Alternatively, if Plaintiff is requesting the return of a list of telephone numbers that was in his possession, and if Defendants are in possession of such a list, have not already produced it and there are no security concerns related to it, they should produce it. On the other hand, if Plaintiff is seeking the production of telephone numbers of prison officials, correctional employees or other third parties that are in the custody and control of Defendants, or if there are prison security reasons

why it should not be produced, then Plaintiff has not made an adequate showing that this confidential information is relevant or necessary.

Therefore, this 11th day of February, 2020, it is **ORDERED** that Plaintiff's Motion for Discovery is **GRANTED** only to the extent that: (1) it seeks a report that addresses restrictions on Plaintiff's ability to contact family and friends by telephone and this report exists, has not already been produced and its production does not represent a security issue; or (2) it seeks a list of telephone numbers of Plaintiff's family and friends that was previously in the possession of Plaintiff, is currently in Defendants' possession and its production does not represent a security issue. No later than February 25, 2020, Defendants shall either produce any such document to Plaintiff and file a notice reflecting that it has done so or file a supplemental response to the Motion for Discovery which indicates that such documents do not exist and/or asserts objections to their production.

In all other respects, Plaintiff's Motion is **DENIED.**

BY THE COURT:

_____
PATRICIA L. DODGE
United States Magistrate Judge