IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS ATANACIO-REYES,<br><br>Plaintiff,<br><br>vs.<br><br>LT. DICKEY, MS SKILLMAN, MARK CAPOZZA, SCOTT RIDDLE, MR. ERICKSON, LT. WOODS, LISA DURAND, MR. PERRY, LT. REBER, CAPT. SALEY, LT. STANLEY, MR. BYERS, TROOPER MR. DAVY,<br><br>Defendants. | 2:19-cv-00275-WSS |

## **MEMORANDUM ORDER**

Plaintiff Carlos Atanacio-Reyes has filed a second Motion for Discovery in which he seeks the production of a security report that lead to the decision to restrict him from communication with certain family and friends.

By way of background, Plaintiff initially filed his first motion for discovery that was docketed on January 28, 2020 (ECF No. 54). In that motion, he sought, among other things, the production of certain security reports and a report that identified names and telephone numbers taken from his phone list. As to these matters, Defendants indicated in their response to the motion that they have provided all reports related to the subject matter of this case to Plaintiff (ECF No. 58). They also noted that to the extent Plaintiff was seeking "security information/phone numbers/transfer information," that information is confidential for the safety of staff and inmates.

The Court subsequently issued an Order (ECF No. 59) that, in relevant part, directed Defendants to produce any report that addresses a prohibition against Plaintiff communicating with family and friends if any such report exists and is not subject to security or confidentiality concerns. Further, Defendants were directed to produce any list of telephone numbers that had been in Plaintiff's possession. The Order directed Defendants to file a notice indicating that the requested documents were either produced or do not exist or alternatively, that they object to their production.

On February 27, 2020, Defendants provided the required notice (ECF No. 71). In it, Defendants represented that after investigation, they are not aware of the existence of a phone list, nor do they have a record of a telephone restriction list. They indicated that they have requested that the security department provide any list of which they are aware, and if any exists, they will supplement their response. As of the date of this Order, Defendants have not filed a supplemental response.

Thus, based on the current state of the record, Defendants state that they have produced "all reports, investigation, video and the subsequent outcome of the investigation" to Plaintiffs. Further, they indicate that they have no record of a telephone restriction list in their possession. While Plaintiff questions Defendants' representations, he has provided no basis upon which they should be disregarded, particularly when Defendants have agreed to supplement their response if additional information is acquired.

Finally, pursuant to the Case Management Order issued on November 21, 2019 (ECF No. 44), all discovery was required to be completed by February 24, 2020.

Based upon the foregoing, it is hereby ORDERED that Plaintiff's second Motion for Discovery is DENIED.

It is further ORDERED that no later than April 15, 2020, Defendants shall file a Notice which indicates that they have completed all necessary investigation to ascertain from the security department if a list of restricted telephone numbers exists. If they determine that such a list exists, they shall produce it to Plaintiff by April 15, 2020, or, if production represents a security risk, shall produce it in camera by that date. If the requested list does not exist, the Notice shall so indicate.

DATED this 1st day of April, 2020.	BY THE COURT:


/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge